1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, a Delaware corporation; | No.  3:17-cv-05112 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. § 2201)** |
| vs. | |
| HARBOR PACIFIC CONTRACTORS, INC., A Washington corporation; M.A. MORTENSON COMPANY, a Minnesota corporation; and HOLROYD COMPANY, INC., a Washington corporation; | |
| Defendants. | |

Plaintiff Crum & Forster Specialty Insurance Company (hereinafter "C&F") submits the following Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

## I.    PARTIES

1.    Plaintiff C&F is an excess and surplus lines foreign insurance company organized under the laws of the State of Delaware with a statutory home office in Delaware and a place of business located in the State of New Jersey.

2.      Defendant Harbor Pacific Contractors, Inc. (hereinafter "Harbor Pacific") is a Washington corporation with its principal place of business located in the State of Washington.

3.      Defendant M.A. Mortenson Company (hereinafter "Mortenson") is a Minnesota corporation with its principal place of business located in the State of Minnesota.

4.      Defendant Holroyd Company, Inc. (hereinafter "Holroyd") is a Washington corporation with its principal place of business located in the State of Washington.

## II.      JURISDICTION AND VENUE

5.      C&F reasserts Paragraphs 1 through 4 as fully set forth herein.

6.      For the purposes of diversity, this Court has jurisdiction over this claim pursuant to U.S.C. 28 §1332 *et seq.* as the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity amongst the parties is complete.

7.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves Harbor Pacific's claims for insurance coverage stemming from an alleged loss occurring in Pierce County, Washington, in a lawsuit filed in Pierce County, Washington.

## III.      FACTS

### A.      The Underlying Lawsuit

8.      C&F reasserts Paragraphs 1 through 7 as fully set forth herein.

9.      This matter arises out of a lawsuit filed on January 1, 2016, in the Superior Court for Pierce County Washington, entitled *Holroyd Company, Inc., v. Harbor Pacific Contractors, Inc., et al.,* Case No. 16-2-05050-1 (hereinafter the "Underlying Lawsuit").

10.      The Underlying Lawsuit arises out of the Chambers Creek Wastewater Treatment Plant Expansion Project (hereinafter the "Project").

11.      Mortenson was retained to be the general contractor on the Project.

COMPLAINT FOR DECLARATORY RELIEF - 2
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

12.     Harbor Pacific was hired by Mortenson as a subcontractor to pour a concrete structure over a digester.

13.     On March 3, 2015, Harbor Pacific poured concrete for the construction of Digester #4.

14.     Holroyd was retained by Harbor Pacific to furnish and deliver the concrete ready mix for this part of the Project.

15.     In order to create the monolithic pour needed to make a proper structure, the concrete needed to be poured at a rate of 200 cubic yards per hour.

16.     Digester #4 was completed without incident.

17.     On or about April 30, 2015, work began on pouring concrete for Digester #5.

18.     Holroyd was contracted to provide concrete for this part of the Project as well.

19.     During the pouring of concrete for digester #5, a cold joint formed.

20.     Holroyd alleges that the cold joint formed due to Harbor Pacific's failure to timely order a sufficient amount of concrete.

21.     Harbor Pacific alleges that the cold joint formed because Holroyd lost power at its main batch plant, which allegedly caused an initial stoppage and a continued slowing of the rate of concrete delivery.

22.     Harbor Pacific contends that as a result of the power outage, Holroyd was unable to provide concrete at the rate of 200 cubic yards per hours needed for proper construction of the digester lid.

23.     Due to a failure to timely pour the concrete, the concrete set before it was properly consolidated.

24.     Once the concrete began to set, proper consolidation, screening and finishing were not possible.

25.     As a result, a cold joint and voids in the slab were created.

26.     Upon information and belief, between July 13, 2015, and October 22, 2015, Harbor Pacific repaired the cold joint at its own cost.

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

**B.**   <u>**The Policy Issued by C&F to Harbor Pacific**</u>

27.   C&F issued an Environmental Package Policy, policy number EPK-106613, to Harbor Pacific (hereinafter the "Crum Policy").

28.   The Crum Policy had a policy period of January 1, 2015, to January 1, 2016.

29.   The Crum Policy provides coverage according to its terms and conditions and not otherwise.

30.   With regard to Commercial General Liability, the Crum Policy grants coverage as follows:

**SECTION I - INSURING AGREEMENTS**

**1.**   Insuring Agreement A - Bodily Injury And Property Damage

**a.**   We will pay, in excess of the Deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" for "bodily injury" or "property damage" to which this insurance applies. We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result. But the amount we will pay for "damages" is limited as described in Section IV Limits Of Insurance And Deductible within the Common Provisions. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Section I - Defense or Section II - Defense Expenses within the Common Provisions.

**b.**   This insurance applies to "bodily injury" and "property damage" only if all of the following conditions are met:

**(1)**   Before the "policy period", no insured had knowledge of any "occurrence" that could reasonably give rise to a "claim" under this Policy;

**(2)**   Neither the "claim" for that "bodily injury" or "property damage", nor the "occurrence" resulting in that "bodily injury" or "property damage" were reported under any policy in effect before the "policy period" or disclosed in the application for this Policy;

**(3)** No fact, incident or circumstance involving an "occurrence" or offense that reasonably would have resulted in a "claim" for that "bodily injury" or "property damage" was reported under any policy in effect before the "policy period" or disclosed in the application for this Policy;

**(4)** That "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(5)** That "bodily injury" or "property damage" first occurs   during the "policy period"; and

**(6)** A "claim" for "damages" for that "bodily injury" or "property damage" is made against any insured and reported to us in accordance with the provisions set forth in Section **VI** Common Conditions, **5.** Duties In The Event Of A Claim Or Suit within the Common Provisions.

EN0021-0211

31.    The following definitions apply to the above policy provisions:

**6.**  "Claim":

**a.**  With respect to the Commercial General Liability Occurrence Coverage Part, the Commercial General Liability Claims Made Coverage Part and the Errors and Omissions Liability Coverage Part, means a demand for "damages".

[…]

**9.**  "Damages" means the monetary amount of any judgment, award or settlement that an insured becomes legally obligated to pay as a result of a "claim" or "suit". "Damages" does not include "cleanup costs", equitable or nonpecuniary relief, disgorgement of profits, sanctions, fines or penalties.

[…]

**26.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[…]

**33.** "Property damage" means:

COMPLAINT FOR DECLARATORY RELIEF - 5
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

**a.** physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

EN0020-1212

32.   With regard to the Errors & Omissions Liability Section, the Crum Policy grants coverage as follows:

**SECTION I - INSURING AGREEMENT**

**1.  Errors And Omissions Liability**

**a.** We will pay, in excess of the Deductible shown in the Declarations, those sums the insured becomes legally obligated to pay as "damages" or "cleanup costs" because of a "wrongful act" to which this insurance applies. We may, at our discretion, investigate any incident and settle any "claim" or "suit" that may result. But the amount we will pay is limited as described in Section **IV-** Limits Of Insurance And Deductible within the Common Provisions.

**b.** This insurance applies to "claims" for "damages" or "cleanup costs" resulting from a "wrongful act" only if all of the following conditions are met:

**(1)** Before the "policy period", no insured had knowledge of any "wrongful act" that could reasonably give rise to a "claim" under this Policy.

**(2)** The "claim" against you resulting from that "wrongful act" was not reported under any policy in effect before the "policy period" nor was disclosed in the application for this Policy;

**(3)** No fact, incident, circumstance, transaction, advice or decision involved in the rendering or failure to render "professional services" related to a "wrongful act" was reported as a "claim" or potential "claim" against you under any policy in effect before the "policy period" or was disclosed in the application for this Policy;

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

**(4)** The "wrongful act" forming the basis of the "claim" was committed on or after the Retroactive Date shown in the Declarations, and before the end of the "policy period";

**(5)** That the rendering or failure to render "professional services" is caused by a "wrongful act" that took place within the "coverage territory"; and

**(6)** The "claim" for "damages" or "cleanup costs" is first made against any insured and reported to us in accordance with the provisions set forth in Section **VI** - Common Conditions, **5.** Duties In the Event Of A Claim Or Suit within the Common Provisions, during the "policy period" or Extended Reporting Period, if applicable, that we provide under Section **VIII** - Extended Reporting Periods. A "claim" by a person or organization seeking "damages" will be deemed to have been made at the earlier of the following times:

**(a)** When written notice of such "claim" is received and recorded by us: or

**(b)** When we have made a settlement in accordance with paragraph **1.a.,** above. All "claims" arising out of "wrongful acts" to the same person or organization will be deemed to have been made at the time the first of those "claims" is made against any insured and reported to us.

All "claims" which arise out of the same or a related "wrongful act" will be deemed to have been made at the time at which the earliest "claim" arising out of such "wrongful act" was made, and all such "claims" shall be subject to the same Limit of Liability.

EN0025-0611

33.   The following definitions apply to the above policy provisions:

**32.** "Professional services" means those functions performed for others by you or by others on your behalf that are related to your practice as a consultant, engineer, architect, surveyor, laboratory or construction manager.

COMPLAINT FOR DECLARATORY RELIEF - 7
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

1

[…]

2

**43.** "Wrongful act" means an act, error or omission in the rendering or failure to render "professional services" by any insured covered under the Insuring Agreement of the Errors and Omissions Liability Coverage Part (EN0025).

3

4

EN0020-1212

5

34.    The Crum Policy contains the following provision excluding coverage for

6

contractual liability:

7

**SECTION V - COMMON EXCLUSIONS**

8

The following exclusions apply to all Coverage Parts attached to this Policy except where specifically noted: This Policy does not apply to "damages", "defense expenses", "cleanup costs", or any loss, cost or expense, or any "claim" or suit":

9

10

11

[…]

12

**2. Contractual Liability**

13

Based upon or arising out of:

14

**a.** breach of contract, whether express or oral, nor any "claim" for breach of an implied in law or an implied in fact contracts, regardless of whether "bodily injury", "property damage", "personal and advertising injury" or a "wrongful act" is alleged.

15

16

17

**b.** any liability for which the insured is obligated to pay "damages" by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for "damages"

18

19

This exclusion (b) does not apply to liability for "damages":

20

21

**(1)** That the insured would have in the absence of the contract or agreement; or

22

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of

23

liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured shall be deemed to be "damages" because of "bodily injury" or "property damage" and not "defenses expenses" if:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed by the insured in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are:

(i) for defense of that party against a "suit"; and

(ii) recovered in a "suit" by that party against the insured.

This exclusion also applies to any additional insureds under this Policy.

EN0020-1212, Pages 9-10 of 30, as amended by EN0120-0211, Page 1 of 1

35. The Crum Policy defines "insured contract" as follows:

**17.** "Insured contract" means:

a. A contract for a lease of premises. However, that portion of the lease that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you is not an "insured contract";

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within fifty (50) feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property

damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within fifty (50) feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, opinions, reports, surveys, field orders, change orders, or drawings or specifications; or

**(b)** Giving directions or instructions, or failing to give them; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render "professional services", including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

EN0020-1212, Page 23 of 30

36. The Crum Policy contains the following provision excluding coverage for Professional Services:

**SECTION II -ADDITIONAL EXCLUSIONS**

**1.** The following additional exclusions apply to Insuring Agreement **A-** Bodily Injury And Property Damage and Insuring Agreement **B** - Personal And Advertising Injury in addition to those contained within the Common Provisions:

This Policy does not apply to "damages", "defense expenses", "cleanup costs", or any loss, cost or expense, or any "claim" or "suit":

EN0021-0211, Page 3 of 10

### c.  Professional Services

Based upon or arising out of any insured's rendering or failure to render "professional services".

EN0021-0211, Page 4 of 10

37.    The Crum Policy defines "professional services" as follows:

**32.** "Professional services" means those functions performed for others by you or by others on your behalf that are related to your practice as a consultant, engineer, architect, surveyor, laboratory or construction manager.

EN0020-1212, Page 27 of 30

38.    The Crum Policy contains the following provision excluding coverage for damage to impaired property:

**2.**    The following additional exclusions apply to Insuring Agreement **A-** Bodily Injury And Property Damage in addition to those contained within the Common Provisions: Insuring Agreement **A** does not apply to "damages", "defense expenses", "cleanup costs", or any loss, cost or expense, or any "claim" or "suit":

[…]

### b.  Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or any one acting on your behalf to perform a contract or agreement in accordance with its terms. This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

EN0021-0211, Page 6 of 10

COMPLAINT FOR DECLARATORY RELIEF - 11
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

39.     The Crum Policy defines the following terms which are relevant to the above exclusion:

**16.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or suspected to be defective, deficient, inadequate or dangerous; or

    **b.** You have failed to fulfill the terms of a contract or agreement:

if such property can be restored to use by:

    **a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

    **b.** Your fulfilling the terms of the contract or agreement.

EN0020-1212, Pages 22-23 of 30

**38.** "Your Product":

    **a.** Means:

      **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(a)** You;

        **(b)** Others trading under your name; or

        **(c)** A person or organization whose business or assets you have acquired; and

      **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.** Includes:

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**39.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

EN0020-1212, Pages 27-28 of 30

40.    The Crum Policy contains the following provisions excluding coverage for damage to property:

**2.** The following additional exclusions apply to Insuring Agreement **A-** Bodily Injury And Property Damage in  addition  to  those contained within the Common Provisions:
Insuring Agreement **A** does not apply to "damages", "defense expenses", "cleanup costs", or any loss, cost or      expense,  or any "claim" or "suit":

EN0021-0211, Page 6 of 10

**c.  Damage To Property**
"Property damage" arising out of:

COMPLAINT FOR DECLARATORY RELIEF - 13
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

1

[…]

2

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

3

4

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

5

6

[…]

7

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

8

9

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

10

11

EN0021-0211, Page 7 of 10

12

41.   The Crum Policy provides the following definitions for terms used in the above

13

exclusion:

14

**31.** "Products-completed operations hazard":

15

**a.** With respect to the Commercial General Liability Coverage Part, includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work"; or

16

17

[…]

18

Except:

19

**(1)** Products that are still in your physical possession; or

20

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

21

22

**(a)** When all of the work called for in your contract has been completed.

23

COMPLAINT FOR DECLARATORY RELIEF - 14
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington 98109
P: (206) 467-5444 / F: (206) 467-5544

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**c.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials:

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the Policy Aggregate limit.

[…]

**39.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

COMPLAINT FOR DECLARATORY RELIEF - 15
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

1

2      **(2)** The providing of or failure to provide warnings or instructions.

3   EN0020-1212, Page 28 of 30

4      42.   The Crum Policy contains the following provisions excluding coverage for

5   damage to Your Work and Your Product:

6      **2.**   The following additional exclusions apply to Insuring Agreement

7   **A-** Bodily Injury And Property Damage in addition to those contained within the Common Provisions:

8   Insuring Agreement **A** does not apply to "damages", "defense

9   expenses", "cleanup costs", or any loss, cost or expense, or any "claim" or "suit":

10  EN0021-0211, Page 6 of 10

11     **d.   Damage To Your Product**

12  "Property damage" to "your product", or any part of it.

13     **e.   Damage To Your Work**

14  "Property damage" to "your work" or any part of it and included in the "products-completed operations hazard".

15  However, this exclusion does not apply if the damaged work or

16  the work out of which the damage arises was performed on your behalf by a subcontractor.

17  EN0021-0211, Page 7 of 10, as amended by EN0346-0313, Page 1 of 1

18     43.   The Crum Policy also contains the following exclusions:

19  **SECTION II -ADDITIONAL EXCLUSIONS**

20  The following additional exclusions apply to the Errors And

21  Omissions Liability Coverage Part in addition to those contained within the Common Provisions:

22  This Policy does not apply to "damages", "defense expenses",

23  "cleanup costs" or any other loss, cost or expense, or any "claim" or "suit":

COMPLAINT FOR DECLARATORY RELIEF - 16
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

1       […]

2 **3. Faulty Workmanship**

3 Based upon or arising out of the cost to repair or replace any
faulty workmanship, construction or work not in accordance
4 with your "professional services".

5       […]

6 **5. Products**

7 Based upon or arising out of "your product".

8 EN0025-0611

9    44.   With regard to defense, the Crum Policy provides as follows:

10 **SECTION I - DEFENSE**

11 **1. Commercial General Liability**

12 If either of the following Coverage Parts:
Commercial General Liability Occurrence or Commercial
13 General Liability Claims Made, is purchased and is attached to
these Common Provisions, then the following provisions apply
14 to Insuring Agreement **A** - Bodily Injury And Property
Damage and Insuring Agreement **8-** Personal And Advertising
15 Injury:

16    **a.**   We have the right and duty to defend the insured against
any "suit" seeking "damages" to which this insurance
17 applies. We will pay "defense expenses" with respect to
any "suit" against an insured that we defend. However, we
18 have no duty to defend the insured against any "suit"
seeking "damages" for "bodily injury", "property damage"
19 or "personal and advertising injury" to which this insurance
does not apply.

20    **b.**   Our right and duty to defend end when we have used up the
applicable limit of liability in the payment of judgments or
21 settlements and "defense expenses" included within your
Deductible amount under Insuring Agreements **A** and **B** or
22 medical expenses under Insuring Agreement **C.** "defense
expenses" incurred by us under the Commercial General
23 Liability Occurrence Coverage Part or the Commercial
General Liability Claims Made Coverage Part will not

COMPLAINT FOR DECLARATORY RELIEF - 17
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington 98109
P: (206) 467-5444 / F: (206) 467-5544

reduce the Limits of Insurance, except for "defense expenses" which are included within your Deductible Amount.

## 2. Contractors Pollution Liability, Errors And Omissions Liability And Third Party Pollution Liability

If one or more of the following Coverage Parts: Contractors Pollution Liability Occurrence Coverage, Contractors Pollution Liability Claims Made Coverage, Errors And Omissions Liability Coverage or Third Party Pollution Liability Coverage are purchased and the corresponding Coverage Part is attached to these Common Provisions, then the following provisions will apply to the Insuring Agreement under the Coverage Part.:

a. We have the right and duty to defend the insured against any "suit" seeking "damages" to which this insurance applies. We will pay "defense expenses" with respect to any "suit" against an insured that we defend. However, we have no duty to defend the insured against any "suit" seeking: (1) "damages" for "bodily injury" or "property damage" to which this insurance does not apply; or (2) "cleanup costs" to which this insurance does not apply.

b. Our right and duty to defend end when we have used up the applicable Limits of Insurance in the payment of any combination of judgments, settlements or "defense expenses".

EN0020-1212

45. The following definitions apply to the above policy provisions:

36. "Suit" means a civil proceeding in a court of a state or the United States in which the person instituting such proceeding seeks "cleanup costs" or "damages" for "bodily injury", "property damage", or "personal and advertising injury". "Suit" includes:

a. An arbitration proceeding in which such "damages" or "cleanup costs" are sought and to which the insured submits with our consent; or

b. Any other alternative dispute resolution proceeding in which such "damages" or "cleanup costs" are sought and to which the insured submits with our consent.

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

EN0020-1212

46.    The Crum Policy provides the following with regard to other available insurance:

**11. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under one or more of the Commercial General Liability Occurrence or Claims Made Coverage Parts, the Contractors Pollution Liability Occurrence or Claims Made Coverage Parts, the Errors and Omissions Liability Coverage Part, the Third Party Pollution Liability Coverage Part or the Onsite Cleanup Coverage Part, our obligations are limited as follows:

**a.    Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

**b.    Excess Insurance**

[…]

**(2)** Where any Coverage Part or coverage form attached hereto provides coverage on other than a claims-made and reported basis, such coverage is excess over, and shall not contribute with, any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)** That is Fire, Extended Coverage, Builders' Risk, Installation Risk or similar coverage for "your work";

When this insurance is excess, we will have no duty, under any Coverage Part, to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Policy.

EN0020-1212

47.     The Crum Policy provides the following with regard to Duties of Insured:

**4.   Duties In The Event Of An Occurrence, Offense, Wrongful Act Or Pollution Condition**

You and any other involved insured must see to it that we are notified, in writing, as soon as practicable of an "occurrence", offense, "wrongful act" or "pollution condition" which may result in a "claim" or "suit" against any insured. To the extent possible, such written notice to us should include:

**(1)** How, when and where the "occurrence", offense, "wrongful act" or "pollution condition" took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence", offense, "wrongful act" or "pollution condition".

**5.   Duties In The Event Of A Claim Or Suit**

The duties outlined in this Condition apply only to the following Coverage Parts: Commercial General Liability Occurrence, Commercial General Liability Claims Made, Contractors Pollution Liability Occurrence, Contractors Pollution Liability Claims Made, Errors and Omissions Liability, and Third Party Pollution Liability, respectively:

**a.** If a "claim" is received by, or "suit" is brought against, any insured, you and any other involved insured must:

COMPLAINT FOR DECLARATORY RELIEF - 20
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

**(1)** Immediately record the specifics of the "claim" or "suit" and the date received;

**(2)** Notify us, in writing, as soon as practicable of the receipt of the "claim" or the bringing of the "suit";

**(3)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit";

**(4)** Authorize us to obtain records and other information;

**(5)** Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit"; and

**(6)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to any insured.

**b.** No insured may, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

EN0020-1212, Page 14-15 of 30

**C.**     **Notice to C&F**

48.     C&F received first received notice of this claim on February 10, 2016.

49.     The initial contact from Edie Valentine, claims consultant at HUB International Northwest, requested that C&F "capture this GL matter, involving insured Project location. Prime Contractors is M.A. Mortensen, and we have enclosed the applicable contract."

50.     Thereafter, on February 19, 2016, Ms. Valentine provided additional documents for review.

51.     The additional documents provided included a letter from Harbor Pacific to Mortensen with a summary of events surrounding the concrete pour on Digester #5 and summary of costs, another copy of the Harbor Pacific Mortensen Subcontract, a copy of the general liability notice of an occurrence, a letter from Pierce County to M.A. Mortensen forwarding Factory Mutual Insurance Company's (hereinafter "FM") February 1, 2016, letter denying

coverage under a Builder's Risk Policy for the concrete pour on Digester #5, and another copy a general liability notice of acknowledgement sent by C&F to Harbor Pacific.

52.    Thereafter, on May 4, 2016, Nick DeVitis spoke with a representative of C&F about the claim.

53.    Mr. DeVitis indicated it was a notice of potential claim from Harbor Pacific concerning a portion of the job related to the construction of one of the lids for the digesters.

54.    Mr. DeVitis did not advise C&F that any lawsuit had been filed at that time.

55.    In fact, on January 29, 2016, Holroyd had filed the Underlying Lawsuit against Harbor Pacific, as well as Federal Insurance Company (hereinafter "Federal") and Travelers Casualty Insurance Company of America (hereinafter "Travelers").

56.    The Underlying Lawsuit alleged claims for breach of contract against Harbor Pacific, a payment bond claim against Federal and Travelers, common law bond claim against Travelers, a contractors registrations bond claims against Travelers, and an unjust enrichment claim against Harbor Pacific.

57.    Holroyd sought $92,643.50 plus attorney's fees, costs, and interest for money not paid pursuant to the agreement between Harbor Pacific and Holroyd.

58.    Harbor Pacific has filed a Third Party Complaint against Mortensen, FM, and Pierce County.

59.    Harbor Pacific asserted a claim for declaratory relief with regard to FM for coverage under the Builder's Risk Policy, a breach of contract claim against FM, a breach of contract claim against Mortensen, and a statutory claim for nonpayment against Mortensen.

60.    Upon information and belief, Harbor Pacific's claims against Mortenson were removed to arbitration.

COMPLAINT FOR DECLARATORY RELIEF - 22
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington 98109
P: (206) 467-5444 / F: (206) 467-5544

61.   C&F has not been provided with any pleadings or other documents related to the arbitration of claims as between Harbor Pacific and Mortenson.

62.   On December 13, 2017, C&F sent a letter to Harbor Pacific, advising Harbor Pacific of C&F's reservation of rights and requesting that Harbor Pacific provide C&F with notice of any lawsuit.

63.   Despite the fact the Underlying Lawsuit had been filed on January 29, 2016, and that C&F requested Harbor Pacific provide note of any lawsuit, Harbor Pacific waited until February 1, 2017, to first notify C&F of the Underlying Lawsuit

64.   Harbor Pacific's February 1, 2017, letter claims that Mortenson has alleged claims against Harbor Pacific as part of the arbitration, but provides no additional details regarding the same.

65.   Harbor Pacific's February 1, 2017, letter does not request a defense, but rather threatens C&F with a lawsuit if C&F does not resolve on behalf of Harbor Pacific Holyrod's claims.

## IV.   THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO C&F'S COVERAGE OBLIGATIONS

66.   C&F reasserts Paragraphs 1 through 65 as fully set forth herein.

67.   There is no coverage available to Harbor Pacific for the claims asserted against it in the Underlying Lawsuit.

68.   There is no coverage available to Harbor Pacific for the alleged damage to the Subject Project. The Crum Policy provides commercial general liability coverage for damages because of "property damage" which occurred during the policy period. The "property damage" must also be caused by an "occurrence." "Property damage" is defined generally as "physical injury to tangible property or loss of use to tangible property that is not physically injured."

"Occurrence" is defined generally as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

69.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit was caused by an "occurrence" as that term is defined in the C&F Policy.

70.     There is an actual and justiciable controversy as to whether the "property damage" alleged in the Underlying Lawsuit constituted "physical injury to tangible property or loss of use to tangible property that is not physically injured."

71.     In the Underlying Lawsuit, Holroyd is not seeking damages for "property damage" caused by an "occurrence" as those terms are defined by C&F Policy.

72.     There is an actual and justiciable controversy as to whether commercial general liability coverage under the C&F Policy is triggered by the Underlying Lawsuit.

73.     The Crum Policy provides Errors & Omission coverage for the sums the insured is legally obligated to pay as "damages" because of a "wrongful act" to which the insurance applies. "Damages" means the monetary amount of any judgment, award or settlement that an insured becomes legally obligated to pay as a result of a "claim" or "suit."  "Wrongful act" means an act, error or omission in the rendering or failure to render "professional services" by the insured. "Professional services" means those functions that are related to the insured's practice as a consultant, engineer, architect, surveyor, laboratory manager or construction manager.

74.     There is an actual and justiciable controversy as to whether the Underlying Lawsuit seeks "damages" because of a "wrongful act," as those terms are defined.

75.     There is further an actual and justiciable controversy as to whether Harbor Pacific is legally liable for "damages" because of a "wrongful act."

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

76.     There is further an actual and justiciable controversy as to whether the claims against Harbor Pacific arise out of Harbor Pacific's "professional services" as that term is defined.

77.     The Crum Policy excludes from coverage under both Commercial General Liability and Errors & Omissions coverage parts coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" based upon or arising out of a breach of contract, regardless of whether "property damage" or a "wrongful act" is alleged.

78.     There is an actual and justiciable controversy as to whether the claims against Harbor Pacific in the Underlying Lawsuit arise out of a breach of contract.

79.     The Crum Policy excludes from coverage under the Commercial General Liability coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" based upon or arising out of the insureds rendering or failure to render "professional services" as that term is defined.

80.     There is an actual and justiciable controversy as to whether the claims against Harbor Pacific in the Underlying Lawsuit arise out of Harbor Pacific's rendering or failure to render "professional services."

81.     The Crum Policy excludes from coverage under the Commercial General Liability coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" for "property damage" to "impaired property" arising out of a defect in the insured's work or product, or a delay or failure by the insured or someone working on the insured's behalf to perform a contract or agreement in accordance with its terms.

82.     There is an actual and justiciable controversy as to whether the claims against Harbor Pacific in the Underlying Lawsuit are for "property damage" to "impaired property" arising out of a defect in the insured's work or product, or a delay or failure by the insured or

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

someone working on the insured's behalf to perform a contract or agreement in accordance with its terms.

83.     The Crum Policy excludes from coverage under the Commercial General Liability coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" for "property damage" to the particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

84.     There is an actual and justiciable controversy as to whether any "property damage" alleged in the Underlying Lawsuit was to a particular part of property that must be restored, repaired or replaced because Harbor Pacific's work was incorrectly performed on it.

85.     The Crum Policy excludes from coverage under the Commercial General Liability coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" for "property damage" to the particular part of real property in which the insured was operating and arising out of those operations.

86.     There is an actual and justiciable controversy as to whether any "property damage" alleged in the Underlying Lawsuit was to the particular part of real property in which Harbor Pacific was operating and arising out of those operations.

87.     The Crum Policy excludes from coverage under the Commercial General Liability coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" for "property damage" to the insured's "product" arising out of it or any part of it.

88.     There is an actual and justiciable controversy as to whether any "property damage" alleged in the Underlying Lawsuit was to Harbor Pacific's "product" arising out of it or any part of it.

89.     The Crum Policy excludes from coverage under the Commercial General Liability coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims"

COMPLAINT FOR DECLARATORY RELIEF - 26
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

or "suit" for "property damage" to Harbor Pacific's "work" arising out of it or any part of it and included in the "products-completed operations hazard."

90.     There is an actual and justiciable controversy as to whether any "property damage" alleged in the Underlying Lawsuit was property damage to Harbor Pacific's "work" arising out of it or any part of it and included in the "products-completed operations hazard," as those terms are defined by the policy.

91.     The Crum Policy excludes from coverage under the Errors & Omissions coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" based upon or arising out of the cost to repair or place any faulty workmanship, construction or work not in accordance with the insured's "professional services."

92.     There is an actual and justiciable controversy as to whether the Underlying Lawsuit alleges claims for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" based upon or arising out of the cost to repair or place any faulty workmanship, construction or work not in accordance with Harbor Pacific's "professional services."

93.     The Crum Policy excludes from coverage under the Errors & Omissions coverage part coverage for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" based upon or arising out of "your product."

94.     There is an actual and justiciable controversy as to whether the Underlying Lawsuit alleges claims for any "damages," "defense expenses," losses, costs, expenses, "claims" or "suit" based upon or arising out of Harbor Pacific's "product."

95.     The Crum Policy states that C&F has the right and duty to defend the insured against any "suit" seeking "damages" to which the insurance applies.  "Suit" is defined as a civil proceeding in a Court seeking "damages," and includes arbitration or other alternative dispute

COMPLAINT FOR DECLARATORY RELIEF - 27
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

resolution proceeding in which "damages" are sought and to which the insured submits with C&F's consent.

96.     There is an actual and justiciable controversy as to whether C&F has an obligation to defend Harbor Pacific in the Underlying Lawsuit.

97.     There is further an actual and justiciable controversy as to whether this insurance applies to the damages sought in the Underlying Lawsuit.

98.     The Crum Policy is excess over any Builder's Risk Policy.

99.     There is an actual and justiciable controversy as to whether the Crum Policy is excess of the Builder's Risk Policy issued for the Subject Project.

100.    The Crum Policy requires that the insured notify C&F, in writing, as soon as practicable of a "wrongful act" which may result in a "claim" or "suit" against any insured.

101.    There is an actual and justiciable controversy as to whether Harbor Pacific breached its obligation under the Crum Policy to notify C&F as soon as practicable of a "wrongful act" which may result in a "claim" or "suit" against any insured.

102.    The Crum Policy requires that the insured notify C&F, in writing, as soon as practicable of the receipt of any "claim" or the bringing of any "suit" and immediately provide copies of any demands, notices, or legal papers received in connection with same.

103.    There is an actual and justiciable controversy as to whether Harbor Pacific breached its obligation under the Crum Policy to notify C&F as soon as practicable of the Underlying Lawsuit, and provide copies of the Complaint filed in the Underlying Lawsuit.

104.    The Crum Policy states that no insured may, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

COMPLAINT FOR DECLARATORY RELIEF - 28
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

105.    There is an actual and justiciable controversy as to whether Harbor Pacific voluntarily made payment, assumed an obligation, or incurred an expense related to the Underlying Lawsuit without C&F's consent.

## V. REQUEST FOR DECLARATORY RELIEF
### (All Defendants)

106.    C&F reasserts paragraphs 1 through 105 as if fully set forth herein.

107.    C&F is entitled to Declaratory Judgment in its favor, specifically including a judicial determination as to its coverage obligations to the defendants, their agents, employees, or elected officials under the policies of insurance issued by C&F to Harbor Pacific for the claims asserted against Harbor Pacific in the Underlying Lawsuit.

## VI.    PRAYER FOR RELIEF

Wherefore C&F prays for the following relief:

1.    For a declaration that C&F owes no defense obligation to Harbor Pacific for any claims asserted in the Underlying Lawsuit.

2.    For a declaration that C&F owes no indemnity obligation to Harbor Pacific for any claims asserted in the Underlying Lawsuit.

3.    For all interest allowed by law.

4.    For attorney fees and costs allowed by statute and law.

5.    For other and further relief as the Court deems just and equitable.

///

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544

1    DATED this 13th day of February, 2017.

2                                    LETHER & ASSOCIATES, PLLC

3                                    */s/ Thomas Lether*
                                     */s/ Eric Neal*
4                                    Thomas Lether WSBA #18089
                                     Eric Neal WSBA #31863
5                                    1848 Westlake Ave N., Suite 100
                                     Seattle, WA 98109
6                                    T: 206-467-5444 / F: 206-467-5444
                                     tlether@letherlaw.com
7                                    eneal@letherlaw.com
                                     *Attorneys for Crum & Forster Specialty*
8                                    *Insurance Company*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DECLARATORY RELIEF - 30
S:\FILES\Harbor Pacific Contractors 16133\Pleadings\170213 Complaint.docx

Lether & Associates, PLLC
1848 Westlake Ave N., Suite 100
Seattle, Washington  98109
P: (206) 467-5444 / F: (206) 467-5544